1  QUIROGA LAW OFFICE, PLLC
2  505 N. Argonne Rd., Suite B-109
3  Spokane Valley, WA  99212
4  Telephone (509) 927-3840
5
6
7              **IN THE UNITED STATES DISTRICT COURT**
8            **FOR THE EASTERN DISTRICT OF WASHINGTON**
9
10
11
12  ELTON HERNANDEZ CASTRO;              )      Case No. 21-00315
13  KRISTINE NICHOLLE HERNANDEZ          )
14                                       )
15                  Plaintiffs,          )      COMPLAINT
16                                       )
17                                       )      [1] Due Process Violation
18       v.                              )      [2] Administrative Procedures
19                                       )          Act
20  ALEJANDRO MAYORKAS, Secretary        )      [3] Mandamus
21  Of the Department of Homeland Security; )
22  ANTONY J. BLINKEN, United States     )
23  Secretary of State; ERIC S. COHAN;   )
24  Consul General of the United States, City )
25  Of Ciudad Juarez,                    )
26                                       )
27                  Defendants.          )
28
29
30
31
32
33
34
35
36
37
38
39
40

Complaint for Writ of Mandamus - 1

1      Plaintiffs, Mr. ELTON HERNANDEZ CASTRO ("Elton" or "Plaintiff

2   Hernandez Castro"), and Ms. KRISTINE NICHOLLE HERNANDEZ ("Kristine"

3   or "Plaintiff Hernandez"), by and through undersigned counsel, allege as follows:

4   **I.      INTRODUCTION**

5      1.      Elton is seeking an immigrant visa based on an approved Petition for

6   Alien Relative (Form I-130) filed on his behalf by his U.S. citizen wife Kristine.

7   Elton attended a consular interview on or about October 7, 2021, at which he was

8   found inadmissible because he had not received the required vaccinations listed by

9   the Centers for Disease Control and Prevention ("CDC").

10     2.      Prior to Elton's consular appointment, he attended a medical exam on

11  October 5, 2021, with a panel physician designated by the Department of State, as

12  is required for consular interviews. At this appointment, Elton told the panel

13  physician that he had not been vaccinated for COVID-19, and the physician told

14  him it would be required to obtain a visa. However, the panel physician did not

15  offer to provide Elton with a COVID-19 vaccine or give him instructions on where

16  he could obtain a vaccine, nor did he indicate that the vaccine was not readily

17  available. The panel physician told Elton that the Consulate would tell the

18  physician if the vaccine was not readily available.

19     3.       After he was found inadmissible for not having a COVID-19

20  vaccination, Elton spent several days looking for any location that could provide

Complaint - 2

1    him with a COVID-19 vaccination. He was staying in Ciudad Juarez for his

2    consular interview, and was unable to find any vaccines available in the area. He

3    was finally able to find a clinic who could provide him with the first dose of an

4    AstraZeneca vaccine, but the clinic was located in Queretaro, Mexico,

5    approximately 1,000 miles away from Cuidad Juarez. Elton traveled to Queretaro

6    and on October 18, 2021, he received the AstraZeneca vaccine.

7        4.      Kristine has a liberty interest, protected by the Constitution, in her

8    marriage that gives rise to a right to constitutionally adequate procedures in the

9    adjudication of her husband's visa application.

10       5.      Elton has remained outside the United States as he will need a second

11   dose of a vaccine between 8 and 12 weeks after the first dose, although he does not

12   know if or where he will be able to obtain this dose. He is missing work and has

13   incurred significant expense in obtaining lodging in Mexico and traveling to obtain

14   the vaccine. The failure of Defendants to have proper procedures in place,

15   including criteria for whether a vaccine requirement is subject to a blanket waiver

16   due to its not being routinely available, and the panel physicians bad-faith refusal

17   to complete his responsibility in determining if the vaccine is routinely available,

18   has resulted in Plaintiffs' injuries.

19

20

Complaint - 3

1    **II.    JURISDICTION AND VENUE**

2         6.      This is a civil action brought pursuant to 8 U.S.C. § 1331 (federal

3    question jurisdiction). Jurisdiction is also conferred by 5 U.S.C. § 704, the

4    Administrative Procedure Act ("APA").

5         7.      Jurisdiction is further alleged pursuant to 28 U.S.C. § 1361. Under 28

6    U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in

7    the nature of mandamus to compel an officer or employee of the United States or

8    any agency thereof to perform a duty owed to the plaintiff."

9         8.      Venue is proper under 28 U.S.C. § 1391(e), against officers and

10   agencies of the United States in their official capacities, brought in the district

11   where the plaintiff resides because this is an action where no real property is

12   involved in the action. This case is a civil action in which a defendant is an officer

13   or employee of the United States or any agency thereof, and it does not involve

14   real property.

15   **III.    PARTIES**

16        9.      Plaintiff Elton Hernandez Castro is a Mexican national who resides in

17   the United States in Spokane Valley, Washington, in Spokane County.

18        10.     Plaintiff Kristine Nicholle Hernandez is a United States citizen who

19   resides in the United States in Spokane Valley, Washington, in Spokane County.

Complaint - 4

1      11.    Defendant ALEJANDRO MAYORKAS, the Secretary of the

2   Department of Homeland Security ("DHS"), is the highest ranking official within

3   the DHS. The Secretary is responsible for DHS implementation of the Immigration

4   and Nationality Act and for ensuring compliance with applicable federal laws,

5   including the APA. The Secretary is sued in his official capacity.

6      12.    Defendant ANTONY J. BLINKEN, Secretary of State, is the highest

7   ranking official within the Department of State ("DOS"). The Secretary is

8   responsible for DOS implementation of the Immigration and Nationality Act and

9   for ensuring compliance with applicable federal laws, including the APA. The

10   Secretary is sued in his official capacity.

11      13.    Defendant ERIC S. COHAN is Consul General of the U.S. Embassy

12   in Ciudad Juarez, Mexico. He is being sued in his official capacity.

13   **IV.   STATEMENT OF FACTS**

14      14.    On July 30, 2018, Kristine filed a Form I-130 Family Petition on

15   behalf of her husband Elton, which was approved on March 22, 2019.

16      15.    On November 14, 2019, Elton filed a Form I-601A, Application for

17   Provisional Unlawful Presence Waiver, and this waiver was approved on April 30,

18   2021.

19      16.    On September 27, 2021, Elton received notification that his consular

20   interview for an immigrant visa had been scheduled for October 7, 2021 in

Complaint - 5

1    Mexico. A required medical exam was scheduled for October 5, 2021, 8 days after

2    the notice of the appointment. The medical exam also took place in Mexico.

3         17.    On October 1, 2021, a requirement for a COVID-19 vaccination was

4    implemented for immigrant visa applicants. Blanket waivers, which would not

5    require the applicant to file an individual waiver, would be applied where the

6    vaccine was not readily available.

7         18.    Vaccine requirements for immigrant visas are put forth by the Center

8    for Disease Control and Prevention ("CDC"). These requirements indicate that a

9    panel physician should consider a vaccine to be "not routinely available" if they

10   are not routinely available and are not expected to be available within 4 months

11   following the exam date. Panel physicians are expected to remain informed about

12   changing recommendations and availability of vaccines.

13        19.    The panel physician failed to consider whether the COVID-19 vaccine

14   was routinely available in Mexico. In fact, the panel physician indicated that this

15   determination would be made by the Consulate, and was not something the

16   physician was supposed to address.

17        20.    By failing to consider whether the COVID-19 vaccine was routinely

18   available, the panel physician failed to conduct the medical examination in

19   accordance with the procedures set forth by the CDC.

Complaint - 6

1    21.    Elton attended a consular interview, where his immigration visa was

2    denied because he had not received the required vaccinations required by the CDC.

3    Because he was found inadmissible on this ground, the approved provisional

4    waiver for unlawful presence did not come into effect, and he was also found to be

5    inadmissible for having been unlawfully present in the United States.

6    22.    Because the panel physician refused to consider whether the COVID-

7    19 vaccine was routinely available in Mexico, instead indicating that only the

8    Consulate could make that determination, the denial of Elton's visa application is

9    not based on a facially legitimate or bona fide reason.

10    23.    Defendants' actions caused Plaintiffs emotional and financial

11    hardship.

12    24.    Defendants' actions unlawfully infringe upon Plaintiff Kristine

13    Hernandez's liberty interest to make personal choices with regard to marriage and

14    family matters free from unjustifiable government interference in violation of her

15    right to substantive due process guaranteed by the Fifth Amendment of the United

16    States Constitution.

17    **V.    CLAIMS**

18    Count 1: Due Process Violation

19    25.    The allegations contained in paragraphs 1-26 are repeated and

20    realleged as if fully set forth herein.

Complaint - 7

1    26.    Plaintiff Hernandez has a protected liberty interest in the Consulate's

2    decision on Plaintiff Hernandez Castro's immigrant visa application.

3    27.    The Due Process Clause of the United States Constitution provides

4    that "certain substantive rights – life, liberty, and property – cannot be deprived

5    except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ.*

6    *V. Loudermill*, 470 U.S. 532, 541 (1985).

7    28.    The freedom to make personal choices in "matters of marriage and

8    family life" is an established liberty interest protected by the Due Process Clause.

9    *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (citing *Cleveland Bd. of Educ. V.*

10    *LaFleur*, 414 U.S. 632, 639-40 (1974)).

11    29.    Plaintiff Hernandez continues to suffer from Defendants' legal wrong.

12    30.    Plaintiff Hernandez seeks a declaratory judgment that her due process

13    rights were violated by Defendants when the panel physician failed to consider

14    whether the COVID-19 vaccine was routinely available, leading to the denial of

15    her husband's visa application.

16    Count 2: Administrative Procedures Act

17    31.    The allegations contained in paragraphs 1-32 are repeated and

18    realleged as if fully set forth herein.

Complaint - 8

1    32.    Defendants' finding that Plaintiff Hernandez Castro is inadmissible is

2    the result of the panel physician's unlawful abdication of his responsibility to

3    consider if a vaccine is routinely available, in violation of 5 U.S.C. § 706(2)(A).

4    33.    Defendants' finding that Plaintiff Hernandez Castro is inadmissible

5    constitutes an arbitrary and capricious agency action in violation of 5 U.S.C. §

6    706(2)(A).

7    Count 3: Mandamus

8    34.    The allegations contained in paragraphs 1-35 are repeated and

9    realleged as if fully set forth herein.

10    35.    The panel physician failed to conduct Plaintiff Hernandez Castro's

11    medical examination in accordance with the requirements and procedures

12    established by the CDC.

13    **VI.    PRAYER**

14    WHEREFORE, the Plaintiffs pray that this Court:

15    A. Declares that the Defendants' actions, policies, and practices as alleged

16        herein are unlawful;

17    B. Compel the Defendants and those acting under them to perform their

18        duty to conduct Plaintiff Hernandez Castro's medical examination in

19        accordance with the requirements and procedures set forth by the CDC;

Complaint - 9

1    C.  Award damages in an amount to be determined at trial for compensatory

2        damages and lost wages;

3    D.  Grant reasonable attorney's fees and costs of court under the Equal

4        Access to Justice Act ("EAJA");

5    E.  Grant such other and further relief as this Court deems proper.

6    Respectfully Submitted,

7                                      _/s/ Clayton Cook-Mowery_____
8                                      Clayton Cook-Mowery
9                                      Washington State Bar No. 41110
10                                     QUIROGA LAW OFFICE, PLLC
11                                     505 N. Argonne Rd., Suite B-109
12                                     Spokane Valley, WA  99212
13                                     Telephone (509) 927-3840
14                                     Fax (509) 210-4607
15
16                                     *Attorney for Plaintiffs*

17

Complaint - 10